FILED
03 JUN -4 PM 2:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SAMUEL JOSEPH GENTILE,        )
                              )
        Petitioner,            )
                              )
vs.                           )   Case No. CV-02-N-362-E
                              )
MARTHA JORDAN, Warden,        )
FCI-Talladega,                )
                              )   ENTERED
        Respondent.           )
                                  JUN 0 4 2003

MEMORANDUM OPINION

This case is before the court on the petitioner's objections to the magistrate judge's Order of April 10, 2003, deeming this action to be a motion for § 2255 relief and transferring it to the Middle District of Florida, where petitioner's conviction and sentence occurred. He filed his timely objections on April 20, 2003.[1] Petitioner makes two points: first, that the magistrate judge incorrectly re-characterized his § 2241 petition as a § 2255 motion because it raises challenges to the legality of petitioner's conviction and sentence rather than the execution of the sentence, and, second, that, although the Middle District of Florida was the sentencing court for purposes of § 2255 jurisdiction, it lacks

---

[1] While the court received the objections on April 22, 2003, they were apparently signed by petitioner and delivered to prison officials for mailing on April 20, 2003. Under the so-called "mailbox" rule, they are deemed "filed" on the earlier date. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed. 2d 245 (1988); Garvey v. Vaughn, 993 F.2d 776 (11th Cir. 1993).



jurisdiction to consider the instant § 2241 petition because petitioner is not physically incarcerated in that district. The court is persuaded that the petition, treated as a § 2241 petition, is due to be dismissed rather than transferred.

### Discussion

At the outset, petitioner acknowledges that the nature of the petition is a challenge to the legality of the convictions and sentences he received in the Middle District in October 1996. At that time, he was convicted of unlawful possession of a destructive device (a pipe bomb), conspiracy to use a weapon of mass destruction against a person in the United States, attempting damage to a vehicle in interstate commerce, and using and carrying a firearm in relation to a crime of violence.[2] On the first three counts, he was sentenced to 200 months, to be served concurrently. As to count four, petitioner was sentenced to 30 years, consecutive to the first three counts. His convictions and sentence were affirmed on appeal.

Petitioner filed a § 2255 motion in the Middle District of Florida, challenging the convictions and sentence, which was denied on February 2, 2000. The court of appeals affirmed the denial of

---

[2] These charges arose from a conspiracy between the petitioner and another man (Viscome) to kill petitioner's wife by making and placing a pipe bomb under petitioner's wife's work vehicle. The bomb was constructed and attached to the car, but did not explode.

2

§ 2255 relief and the United States Supreme Court denied *certiorari* on June 11, 2001. The instant petition was filed in this court on February 11, 2002. He raises the following claims for § 2241 habeas relief:

    1. That his 30-year sentence under 18 U.S.C. § 924(c) was unconstitutionally calculated and enhanced;

    2. That he is entitled to the retroactive benefit of the recent Amendment 599 to reduce his sentence under § 924(c);

    3. That there was insufficient evidence of interstate commerce with respect to Count Five (attempting damage to a vehicle in interstate commerce);

    4. That the Government presented false and misleading evidence to the grand jury and trial jury in relation to Count Five;

    5. That the trial court lacked jurisdiction to convict petitioner of Count Four (conspiracy to use a weapon of mass destruction against a person in the United States) because the prosecution failed to obtain the Attorney General's authorization to make the charge;

    6. That the prosecution constituted double jeopardy; and

    7. That the Government unlawfully "separated" the conspiracy.

With the possible exception of claim 2[3], all of these issues raise attacks on the validity of the original convictions and sentences and, thus, are of the type that must be presented in a § 2255 motion to the sentencing court. But petitioner explicitly argues that he is intentionally pursuing a § 2241 remedy, not a § 2255 one; this is not a case of pleading error or mere mislabeling, in which instances the courts are taught to treat the pleading for what it really is rather than as it is labeled. See <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990); <u>Lazo v. United States</u>, 314 F.3d 571, 573, note 2 (11th Cir. 2002)("[D]istrict courts have an obligation to look behind the label of a *pro se* inmate's motion to determine whether the motion is cognizable under a different remedial statutory framework"). Petitioner argues that he previously had filed a § 2255 motion unsuccessfully and that the one-year limitation applicable to it has now expired, both of which preclude him from again seeking § 2255 relief. Rather, he asserts that he is seeking relief under § 2255's savings clause, which states:

---

[3] The proper vehicle for seeking retroactive application of Amendment 599 is a motion pursuant to 18 U.S.C. § 3582(c)(2), not § 2255 or § 2241. Insofar as a prisoner seeks § 2241 relief in this regard, he has failed to exhaust his remedies as a precondition to seeking *habeas* relief, unless he can show that he has moved under § 3582(c)(2).

4

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Under this provision, a prisoner may not seek § 2241 *habeas* relief with respect to claims reviewable under § 2255, unless the prisoner can show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." In the case now before the court, petitioner cannot use § 2241 to obtain a review of his claims challenging his convictions and sentence unless he can show that § 2255 is "inadequate or ineffective to test the legality of his detention."

The Eleventh Circuit has addressed what this language means in the context of the restrictions placed on § 2255 motions by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). It is not enough to invoke the savings clause merely because there are restrictions on the filing of untimely or successive § 2255 motions; a § 2255 motion is not "inadequate or ineffective" merely because there is a substantive or procedural obstacle to obtaining relief. See Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) citing In re Vial, 115 F.3d 1192 (4th Cir. 1997)("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision

5

... or because an individual is procedurally barred from filing a § 2255 motion...."); In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997)("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997)(Savings clause "does not, of course, mean that *habeas corpus* is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief."); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Rather, the Wofford court found that the savings clause enabled a prisoner to obtain review under § 2241, rather than § 2255, only in a very narrow circumstance.  The court held:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); see also Sawyer v. Holder, ___ F.3d ___, 2003 WL 1870318 (11th Cir., Apr. 14, 2003).  The criteria are in the conjunctive; all three must be met for the savings clause to authorize a § 2241 *habeas* review of a conviction that ordinarily would be challenged in a § 2255 motion.

In effect, a petitioner can avoid the restrictions of § 2255 only if he stands convicted of an offense which was determined subsequently by the Supreme Court not to constitute an offense at all and pre-existing circuit precedent precluded a challenge to the conviction at the time of the appeal or first § 2255 motion. That simply is not the case here.

None of petitioner's claims in this action invoke this narrow exception to the ordinary requirement that § 2255 is the avenue for challenging federal criminal convictions and sentences. Petitioner cannot show that any of the offenses for which he stands convicted have been determined by the Supreme Court not to be offenses. Instead, all of the claims he raises are the type that are reviewed commonly on direct appeal and in a § 2255 motion. Attacks on jurisdiction, double jeopardy, defective indictments, and miscalculation of sentences are not within the narrow exception of the savings clause. Consequently, petitioner cannot resort to § 2241 to seek a review of these claims and, therefore, this petition must be denied and dismissed. A separate order will be entered.

DONE this 3rd day of June ~~April~~, 2003.

_____
U.S. DISTRICT JUDGE